**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Case No. 3:06CR269–HEH |
| ) | |
| WILLIAM T. HOLLOMAN, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**
**(Denying Defendant's Motion to Recuse)**

This matter is before the Court on Defendant's Motion to Recuse, filed on September 1, 2006. The Government has filed a Response in Opposition to Defendant's Motion to Recuse. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will deny Defendant's Motion to Recuse, as it is lacking in both a factual and a legal basis.

**I. Background**

The defendant, William T. Holloman, Jr., ("Defendant") is charged with Enticement to Illegal Sexual Activity, in violation of 18 U.S.C. § 2422(b) and of Travel with Intent to Engage in an Illicit Sexual Act with a Minor, in violation of 18 U.S.C. § 2423(b). The Defendant alleges that because the Court served as the Chairman of the Attorney General's Commission on Pornography more than twenty (20) years ago, "the Court's impartiality is reasonably in question."

It is a matter of public record that this Court, during prior service as Commonwealth's

Attorney of Arlington County, Virginia, was appointed by then Attorney General of the United States, William French Smith, to Chair the Attorney General's Commission on Pornography ("the Commission").  In its final report, the Commission recommended legislative action to provide enhanced safeguards against the sexual exploitation of children and the dissemination of pornographic materials depicting such activity.  In furtherance of those recommendations, in his capacity as Chairman, the Court met with members of Congress and the President of the United States.  Since the enactment of several of the recommendations by Congress in 1987, the Court has not participated in any form of public debate on child pornography issues or authored any type of articles or commentary.  In the years that followed, the Court's sole involvement with child pornography issues has been in a judicial capacity.

## II. Analysis

Title 28 U.S.C. § 455(a) sets forth the standard to be applied in weighing motions for recusal.  The statute provides that "any justice, judge or magistrate shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The standard is an objective one that includes not only actual impartiality, but also the appearance of impartiality. *See United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir. 1984).  The Supreme Court has further stated that disqualification is required "only if it appears [a judge] harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky v. United States*, 510 U.S. 540, 557-58 (1994).  Therefore, the issue presented here is whether the Court's participation in the Commission more than twenty (20) years ago casts a shadow over its ability to be impartial in this case.

Reviewing courts have uniformly rejected the argument that a judge's participation in

similar commissions barred his or her consideration of cases involving the product of its work. In *United States v. Glick*, 946 F.2d 335, 336-37 (4th Cir. 1991), the Fourth Circuit declined to hold that the Chairman of the United States Sentencing Commission was precluded from hearing cases challenging the United States Sentencing Guidelines. In *United States v. Payne*, 944 F.2d 1458, 1476 (9th Cir. 1991), the United States Court of Appeals for the Ninth Circuit upheld the denial of a motion to recuse. The United States District Judge had served as a member of the Attorney General's Commission on Pornography and declined to recuse himself from considering a case involving the sexual abuse of a child. *Id*. The U.S. Court of Appeals further noted, "courts have rejected the notion that such generalized policy views necessitate recusal as a matter of course." *Id*. at 1476-77. *Payne* is directly applicable to the present facts and supports the decision of this Court to deny Defendant's Motion to Recuse.

### III.  Conclusion

For the reasons stated above, Defendant's Motion for Recusal is denied. There is nothing in the record to indicate any bias on the part of the Court. Furthermore, neither the law nor the Court's conscience dictates recusal.

An appropriate Order will accompany this Memorandum Opinion.

                                                        /s/
                                              Henry E. Hudson
                                              United States District Judge

ENTERED this 22nd day of September, 2006.
Richmond, VA